UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PATRICIA CRONAUER, et al., | ) |
|  | ) |
| Plaintiffs, | ) |
|  | )   Civil Action No. 04-1355 (RBW) |
| v. | ) |
|  | ) |
| THE UNITED STATES OF AMERICA, et al., | ) |
|  | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Currently before this Court is the District of Columbia's Motion to Dismiss ("Def.'s Mot.") [D.E. # 41] pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]  The District of Columbia ("District") asserts that following the United States' dismissal on September 30, 2005, this Court may not exercise supplemental jurisdiction to entertain the plaintiffs' remaining state common law claims of negligence and intentional infliction of emotional distress against the District.  For the following reasons, the Court grants the District's dismissal motion.

**I. Factual Background**

This Court has previously set forth an extensive discussion of the facts in this case.  See Cronauer v. United States, 394 F. Supp. 2d 93, 94-95 (D.D.C. 2005).  Accordingly, there is no need to provide a discussion of the facts that gave rise to filing of this case.  However, in addressing the motion now before the Court, it is helpful to review the procedural background

---

[1] Although the District requests dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), because the District's argument in favor of dismissal concerns whether this Court may exercise supplemental jurisdiction to entertain the plaintiffs' claims, the proper standard of review is not 12(b)(6), but rather 12(b)(1).  Office of Foreign Assets Control v. Voices in Wilderness, 329 F. Supp. 2d 71, 76 (D.D.C. 2004).  However, the Court's review of the plaintiffs' claims under 12(b)(1) is not fundamentally different from review under 12(b)(6), because both require the Court to accept as true all the factual allegations contained in the plaintiffs' Complaint.  See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993)

that places this case in its current posture.

On September 30, 2005, this Court issued a Memorandum Opinion and Order dismissing the United States as a defendant because the plaintiffs failed to timely file their administrative tort claims with the appropriate federal agency, as required by the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. (2000). Id. at 105. In response to the Court's ruling, the plaintiffs filed a Notice of Appeal with the District of Columbia Circuit on October 27, 2005.

With the United States no longer a party to the plaintiff's action, the District filed a Motion to Dismiss on November 18, 2005, alleging that because the Court had dismissed the claims against United States, it no longer should exercise supplemental jurisdiction over the plaintiffs' remaining state-law claims of negligence and intentional infliction of emotional distress against the District. Def.'s Mot. at 1. The plaintiffs filed their opposition to the District's motion to dismiss, primarily asserting that the Court was without jurisdiction to dismiss the claims against the District while their claims against the United States were on appeal and that, in any event, this Court retained jurisdiction based on the diversity of jurisdiction of the remaining parties. Plaintiff's Opposition to Defendant District of Columba's Motion to Dismiss ("Pls.' Opp'n") at 1. On December 13, 2005, the District filed a Reply to the Plaintiffs' Opposition to Defendant's Motion to Dismiss, contending that the plaintiffs' jurisdictional arguments were unfounded. ("Def.'s Reply") at 2-5. Recently, on June 14, 2006, the Court of Appeals dismissed the plaintiffs' appeal for lack of jurisdiction because this "court's order filed September 30, 2005 [did] not adjudicate all the claims against all the parties, and [this] court ha[d] not directed an entry of final judgment." Cronauer v. United States, No. 04-1355, slip. op. at 1 (D.C. Cir. June 14, 2006) (per curiam).

## II. Standard of Review

**1. Rule 12(b)(1)**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiffs bear the burden of establishing by a preponderance of the evidence that the court has jurisdiction to entertain their claims.  See Grand Lodge of Fraternal Order of Police v. Aschcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (holding that the court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"); Pitney Bowes, Inc. V. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998).  While the Court must accept as true all the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), because the plaintiff has the burden of proof to establish jurisdiction, the "plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge of Fraternal Order of Police, 185 F. Supp. 2d at 13-14 (citation and internal quotation marks omitted).  This scrutiny permits the Court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction.  See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Grand Lodge of Fraternal Order, 185 F. Supp. 2d at 14.

## III. Analysis

The question that the Court must now resolve is whether it should exercise supplemental jurisdiction over the plaintiffs' negligence and intentional infliction of emotional distress claims

against the District following the United States' dismissal from this case on September 30, 2005. The District argues that "[i]t is within the [C]ourt's discretion to decline to exercise supplemental jurisdiction over state law claims once federal claims are dismissed." Def.'s Mot. at 1. They contend that the "'general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendant state-law claims rather than resolving them on their merits.'" Def.'s Mot. at 2 (quoting Kennedy v. Schoenberg, Fisher & Newman, Ltd., 140 F.3d 716, 727 (7th Cir. 1998). The District further contends that this rule especially holds true when, as in this case, a "request [for dismissal based on lack of supplemental jurisdiction] is [] made at an early stage of litigation." Id. at 2 (citing Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998).

On the other hand, the plaintiffs argue that this Court must maintain jurisdiction over their negligence and intentional infliction of emotional distress claims because diversity jurisdiction exists between all the parties. [2] Pls.' Opp'n at 1. In response to each of the plaintiffs' arguments opposing the District's dismissal motion, the District argues that dismissal is nonetheless warranted because diversity jurisdiction does not exist between the plaintiffs and the District because although the District of Columbia is considered a state pursuant to 28 U.S.C. § 1332 (2000), 28 U.S.C. § 1332(a)(1) only confers jurisdiction upon a district court if the parties are citizens of different states. Def.'s Reply at 2-3. Moreover, the District notes that the plaintiffs have offered no substantive reason why this Court should exercise supplemental

---

[2] The plaintiff advances two additional reasons why this court should maintain jurisdiction:(1) their claims against the United States are on appeal "and therefore, this Court lacks jurisdiction to dismiss the District of Columbia;" and (2) "the interests of justice and judicial economy dictate that the entire case should wait a decision on plaintiffs' appeal which, if successful, will reinstate the case as to the United States." Pls.' Opp'n at 1. However, these arguments are now moot, as the Circuit has dismissed the appeal. See Cronauer, No. 04-1355, slip. op. at 1.

jurisdiction over the plaintiffs' state-law claims now that the United States is no longer a party to this action. Id. at 4-5.

The Court begins its analysis by finding that there is no basis for invoking the Court's original jurisdiction over the District. Contrary to the plaintiffs' assertions, diversity between the plaintiffs and the District does not exist, and therefore the plaintiffs may not utilize 28 U.S.C. § 1332(a)(1) as a basis for invoking the Court's jurisdiction over the District.[3] 28 U.S.C. § 1332 (a)(1) only confers diversity jurisdiction upon a district court when the parties are citizens of different states. Here, the District is not a citizen of any state. Barwood, Inc. v. Dist. of Columbia, 202 F.3d 290, 292 (D.C. Cir. 2000) ("the District of Columbia, like a state, is not a citizen of a state (or of itself) for diversity purposes . . . ."). Instead, pursuant to 28 U.S.C. § 1332(e), the District is considered a state for the purposes of diversity jurisdiction, and 28 U.S.C. § 1332 "does not deal with cases in which a State is a party." Ohio v. Wyandotte Chemicals Corp., 401 U.S. 493, 499 n.3 (1971).

Therefore, because the plaintiffs have not alleged a proper basis for invoking the Court's original jurisdiction over the District, the Court must now assess whether it may exercise supplemental jurisdiction over the plaintiffs state-law claims even though the Court has dismissed all of the plaintiffs' federal claims. District courts will exercise supplemental jurisdiction over state-law claims that are "so related to claims in the action within . . . [the district court's] original jurisdiction that they form part of the same case or controversy under

---

[3] 28 U.S.C. § 1332(a)(1) states that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citzens of different States." And, 28 U.S.C. § 1332(e) provides that "[t]he word 'States', as used in this section, includes . . . the District of Columbia[.]"

5

Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2000).  However, where all claims over which it has original jurisdiction have been dismissed, "[t]he district court[] may decline to exercise supplemental jurisdiction[.]" 28 U.S.C. § 1367(c).  The District relies upon this provision with the support of Kennedy, where "[t]he Seventh Circuit found that '[a]ccording to the supplemental jurisdiction statute, a district court may decline to exercise supplemental jurisdiction over pendant state law claims if the court has dismissed all claims over which it has original jurisdiction.'"  Def.'s Reply at 5 (quoting Kennedy, 140 F.3d at 727).

Here, the District correctly relies upon 28 U.S.C. § 1367(c)(3) as a basis for asserting that this Court should decline to exercise supplemental jurisdiction over the plaintiffs' negligence and intentional infliction of emotional distress claims because this Court has dismissed "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).[4]  Moreover, to insure that the plaintiffs' claims are not lost as a result of the Court's decision, 28 U.S.C. § 1367(d) provides:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(d).  In other words, "[t]he plaintiffs' action is not time-barred because actions dismissed pursuant to the federal supplemental jurisdiction statute, 28 U.S.C. § 1367(d ), will not be barred by a statute of limitations because of time lost in federal court."  Meng v. Schwartz,

---

[4]The plaintiffs original complaint included another defendant, 555 Pennsylvania Avenue, N.W. (555 Penn. Ave.)  The Court notes that defendant 555 Penn. Ave. was served with the summons and complaint in this action on February 18, 2005, but has never filed an answer to the complaint or participated in any other proceedings.  On August 16, 2006, this Court issued an Order for the plaintiffs to show cause to why this action against 555 Penn. Ave. should not be dismissed for failure to prosecute.  The plaintiffs' response to the Order to Show Cause was that they had no objection to dismissing 555 Penn. Ave. as a party to this action.  Accordingly, based on the plaintiffs representation, 555 Penn. Ave. is hereby dismissed from this action without prejudice.

305 F. Supp. 2d 49, 61 (D.D.C. 2004).  "The statute expressly tolls the statute of limitations while the claim is pending and provides a period of at least 30 days, more if allowed by state law, after dismissal in which the claim may be refiled in a court of competent jurisdiction."  Id. Accordingly, because this Court has dismissed all claims over which it has jurisdiction, and the plaintiffs' can pursue their other claims in the Superior Court of the District of Columbia, this Court declines to exercise supplemental jurisdiction over the plaintiffs' remaining claims of negligence and intentional infliction of emotional distress.

### IV. Conclusion

Based on the foregoing analysis, the Court concludes that it should not exercise supplemental jurisdiction over the plaintiffs' negligence and intentional infliction of emotional distress claims against the District.  Accordingly, these claims against the District of Columbia are dismissed without prejudice.

**SO ORDERED** on this 20th day of September, 2006.[5]

REGGIE B. WALTON
United States District Judge

---

[5] An Order consistent with this Memorandum Opinion is being issued contemporaneously herewith.